UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE PAULETTE WEST,<br><br>    Plaintiff,<br><br>    v.<br><br>GMC & BUICK OF VACAVILLE,<br><br>    Defendant. | No. 2:17-cv-02269 MCE AC PS<br><br><br><br>ORDER |

    Plaintiff, an inmate at Solano County Jail, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Although plaintiff is an inmate, this action does not challenge plaintiff's conditions of confinement. This proceeding was accordingly referred to this court by E.D. Cal. R. ("Local Rule") 302(c)(21).

    Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 4. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). However, because plaintiff is an inmate, the law requires that he pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. SCREENING STANDARD

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

Plaintiff identifies GMC & Buick of Vacaville, or its unnamed "owner," as the sole defendant in this lawsuit. ECF No. 1 at 1, 2. The complaint alleges a single claim for breach of contact. Id. at 3. Plaintiff states that this court has jurisdiction pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983. Id. at 1.

The complaint alleges that plaintiff purchased a 2009 Cadillac CTS for $12,000 and an extended warranty for $1,000 from the GMC & Buick Dealership. ECF No. 1 at 3. Plaintiff states a contract was signed between the parties. Id. Plaintiff alleges that, at some point, he "was told to bring the car back" and that the defendant "kept the car." Id. Plaintiff states the car was fully paid for. Plaintiff seeks $13,000 in damages.

A breach of contract claim is governed by state law. Such claims are generally brought in state court. Plaintiff can only sue under state law in federal court if he and the defendant are citizens of different states. See 28 U.S.C. § 1332. The complaint does not include facts that would support diversity jurisdiction.

Although plaintiff indicates that this court has jurisdiction under the federal civil rights statutes, see 28 U.S.C. § 1343(a), he states no such claim. The fact that plaintiff is an inmate does

3

not convert his breach of contract claim into a civil rights issue. In order to state a cognizable claim under 42 U.S.C. § 1983, plaintiff must allege a deprivation of federal rights by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The defendant in this case is a private business or business owner, not a public official who was acting under color of state law. Accordingly, it does not appear that the named defendant can be liable under section 1983. Moreover, the facts alleged in the complaint do not indicate that defendant's actions, even if wrongful or illegal, violated any *federal* right of plaintiff's. For these reasons, plaintiff has failed to state a viable claim against the defendant.

### III. AMENDING THE COMPLAINT

Plaintiff will be granted leave to file an amended complaint, in which he may attempt to allege (1) a basis for federal jurisdiction and (2) a cognizable legal theory against a proper defendant, and sufficient facts in support of that theory. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint must clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the

case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

Plaintiff remains free to reassert the claims here dismissed, but is advised that failure to remedy the identified defects will result in a recommendation to the district judge that the complaint be dismissed without further leave to amend.

## IV. PRO SE PLAINTIFF'S SUMMARY

Your application to proceed in forma pauperis is being granted and you are not required to pay the entire filing fee immediately.

Your claim is being dismissed because a breach of contract claim can only be brought in federal court if the plaintiff and defendant are citizens of different states. You can sue a California defendant in federal court for a civil rights violation, but a breach of contract is not a civil rights violation. If you are trying to sue for a civil rights violation, you need to state facts showing that defendant violated your constitutional rights and that defendant acted pursuant to state authority. You are being given an opportunity to submit an amended complaint in which you can address the problems mentioned above. You should submit that complaint to the court within thirty days of this order's filing date. Failure to do so may result in the dismissal of this action.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4), is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint, (ECF No. 1), is DISMISSED with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint. If plaintiff files an amended complaint, he must do his best to follow the guidance provided in this order. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: April 16, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE